IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:96CR00083-001T |
| | ) | |
| FELIX GAMMELLA, III | ) | |

GOVERNMENT'S OBJECTION TO MOTION
TO REMIT THE FINE

Now comes the United States of America, by and through its undersigned attorneys, and objects to Defendant's Motion to Remit the Fine for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ John McAdams
JOHN MCADAMS
Assistant U.S. Attorney
Bar No. 654684 (MA)
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: john.mcadams@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2008, I caused the within Objection to Motion to Remit Fine and the accompanying memorandum in this case to be electronically filed with the Clerk of the Court using the CM/ECF system

I further certify that on the 4th of February, 2008, a true copy of the Objection to Motion to Remit Fine was sent by regular mail to:

Mr. Felix Gammella
P.O. Box 806
Boston, MA 02199

/s/ John McAdams
JOHN MCADAMS
Assistant U.S. Attorney
Bar No. 654684 (MA)
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: john.mcadams@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:96CR00083-001T |
| | ) | |
| FELIX GAMMELLA, III | ) | |

MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO REMIT THE FINE

Background

On December 2, 1996, the defendant appeared before the Honorable Ernest C. Torres, and plead guilty to conspiracy to distribute and possess with intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On December 8, 1997, defendant Felix Gammella, 111, was sentenced to a 151-month term of imprisonment to be followed by a term of 8 years supervised release, and ordered to pay a $200 mandatory assessment and a total fine of $100,000 ($50,000 on each count). The Judgment and Commitment Order provided for immediate payment of the $200 assessment and suspended interest on the $100,000 fine "until the [d]efendant's release from imprisonment; or until such time as any other assets are found by the Government...". Further, the order provides that "***Upon completion of his supervised release***, the [d]efendant may move to remit the fines, if no other assets are found by the Government." (Emphasis added).

(A copy of the Order of Judgment and Commitment is attached as Exhibit A.).

On November 23, 1998, the defendant filed a motion to defer committed fine.[1] The government objected, and the motion was denied on December 9, 1998.

On July 28, 2000, the defendant again moved to defer the committed fine. At the time, the defendant asked the Court to defer payment of the fine imposed until his release from imprisonment. The government objected, and on October 3, 2000, the court denied the defendant's motion. The defendant appealed, and on February 22, 2001, the First Circuit Court of Appeals affirmed the judgment order. (A copy of the Judgment is attached as Exhibit B).

On May 19, 2005, the defendant filed another motion for an order deferring fine payment until his release from incarceration. On June 14, 2005, the motion was denied " ...for reasons set forth when the identical motion was previously denied." (A copy is attached as Exhibit C).

While the defendant was imprisoned, he participated in the Inmate Financial Responsibility Program (IFRP). Through the IFRP, he made payments in the amount of $25.00 per quarter. The $200 assessment was paid in full on March 13, 2001, and the defendant paid a total of $447 towards the fine.

On April 30, 2007, the defendant was released from incarceration and began his supervised release. Since he resides in Boston, Massachusetts, he is supervised by the United States Probation Office in Boston. After a financial review conducted by the Probation Officer, the defendant was directed to pay $110 per month and submit 75% of any income tax refund.

On July 20, 2007, the defendant filed a motion to transfer jurisdiction to the United States District Court in Massachusetts. The government objected primarily because the defendant stated his intention to file motions related to the fines imposed at sentencing and because he cited no statutory basis for the jurisdiction transfer that he was seeking. The defendant's motion was denied on August 22, 2007. The defendant appealed, and the appeal is currently pending in the

---

[1] The defendant's fine was not a "committed fine". Committed fines are payable in full during incarceration, and must be paid in full prior to release from imprisonment.

United States Court of Appeals. (Docket #: 07-2751).

In August, 2007, the defendant's probation officer completed a financial review and directed him to make payment in the amount of $110.00 per month. As of January 4, 2008, the defendant has paid an additional $750 towards the fine. Accordingly, the total amount due as of that date is $98,808.00.

While on probation, the defendant must submit financial statements as required by his probation officer. Based on the financial review conducted upon receipt of the statements, the monthly payment amount may be modified by the probation officer.

On January 23, 2008, the defendant filed the instant motion to remit the fine. Now, the defendant again requests the Court to "waive or alter" his fine, without providing any statutory basis for doing so. Notwithstanding the lack of statutory citation, the government objects because the defendant's motion is premature.

The defendant's supervised release is scheduled to be completed on April 29, 2015, at which time, pursuant to the Judgment and Commitment Order, he may move to remit the fine. Accordingly, remission of the fine prior to completion of the supervised release would be inappropriate and inconsistent with the provisions of the Judgment and Commitment Order, which expressly provides an option for the defendant to move to remit the fine upon his completion of supervised release.

Argument

The defendant states in his motion that his 2007 income was just under $13,000, and he goes on to state that his current income is., on average, about $1,400 per month. He cites expenses of $1,200 per month, which include the $110 fine payment. According to the defendant, this leaves him with an average of $200 per month in discretionary spending. The defendant goes on to state that he would like to start his own business. Included with his motion, were two pay stubs showing various hourly pay rates, and the defendant's employer as P.F. Chang's China Bistro, Inc. The defendant claims that he is training to become a waiter at which time his pay rate would change to $2.63 per hour, plus tips. He does not provide anything to evidence that claim, and he provides no information as to what he should expect as tip income.

On January 25, 2008, the defendant supplemented his motion by including a copy of a W-2 form from Bertucci's, his employer from December 2006 through April 2007. It is unclear if this additional income was included his motion, however, the W-2 form and the December 5, 2007 pay stub from P.F. Changs indicate that his 2007 income was at least $16,142.79, which may or may not include cash tip income.

The defendant cites no legal authority in support of his motion to remit the fine. He cites only his income and expenses, his desire to start his own business and his uncertainty as to his ability to continue in his current profession as a waiter. As was indicated in the Court's previous orders, there is no statutory provision which would permit the Court to "alter, modify, or waive" the fine which was imposed in this case.

The statutory provision for remittance of a fine is 18 U.S.C. § 3573, which states that:

"Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice--
**(1)** remit all or part of the unpaid portion of the fine or special assessment,

including interest and penalties;

**(2)** defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or

**(3)** extend a date certain or an installment schedule previously ordered.."

In this case, the government has not petitioned the court to remit any part of the unpaid fine, nor can it show that reasonable efforts to collect the fin are not likely to be effective.

Conclusion

For the foregoing reasons, the defendant's Motion to Remit the Fine should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ John McAdams
JOHN MCADAMS
Assistant U.S. Attorney
Bar No. 654684 (MA)
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: john.mcadams@usdoj.gov